WILLIAM H. MILLS versus O. P. MERRYMAN & ux.

Money due for rent, which accrued prior to a testator's death, goes to his executor as part of the estate; but rent afterwards accruing, if the estate be solvent, belongs to the heirs or devizee.

And the executor has no claim to after accruing rent, so that he may collect it, to reimburse himself for payments made to a co-tenant of the rented premises, for his share of the rent collected by the testator; the co-tenant's claim creating no lien on this particular portion of the testator's estate.

ON STATEMENT OF FACTS.

ASSUMPSIT. The facts, as they are stated by the parties, are these : —

The plaintiff is executor of the will of John Bennock. The female defendant is the daughter of the said testator, and was a minor at her father's death, which occurred in 1855. Josiah Bennock was her guardian. In 1856, she married the defendant and became of age before the date of the writ. At the time of the decease of said testator, he was seized of 35-100th parts of lot 25, in Oldtown. Daniel White was seized of 5-100ths of the same lot. The testator had collected White's part of the rent, and, at the time of his decease, was indebted to White, on that account, $22,50. One Davis, too, had a claim against the estate for $21,70, which sum he paid during the lifetime of the testator for taxes on his portion of the lot. These two bills were paid by plaintiff on January 2d, 1856. On April 24th, 1856, the plaintiff received $40, and, on June 19th, 1856, $30, for rent of said testator's, and said White's share of said lot. From May 1st, 1856, to May 1st, 1857, and, on January 29, 1857, he paid to Josiah Bennock, guardian as aforesaid, the full amount so received. Said guardian paid 35-40ths of said $70 to his ward, then sole, and a minor, and charged the same in his guardian account, which was afterwards, in March, 1857, duly settled. If he overpaid Bennock, it is admitted that it was by mistake.

Before this suit was brought, the defendants were requested to refund said $44,20, and refused.

By the provisions of John Bennock's will, his real estate was devised to Mrs. Merryman, and some others of his children, to be equally divided between them. At the May term, 1856, of the Probate Court, a commission was issued to divide the real estate — and such division was made and completed; and she went into possession of said 35-100ths of lot 25, which was assigned to Mrs. Merryman as her share, on June 23d, 1856.

Judgment to be rendered on nonsuit or default, as the Court shall order.

The case was argued by

*Sewall* for the plaintiff, and by

*Rowe & Bartlett* for the defendant.

The opinion of the Court was drawn up by

KENT; J. — This action is based upon a count for money paid by mistake. The plaintiff, as executor of John Bennock, received certain moneys for rent of the real estate of the testator, which *accrued after his death.* The estate is not represented as insolvent. The real estate, for the use of which the rent was paid to the executor, was, in the division, assigned to the defendant, Mrs. Merryman. The executor paid over the rent received to her guardian, who paid it to defendant. The plaintiff now claims to recover back at least forty-four dollars and twenty cents, the amount paid by him to Daniel White and one Davis, who had claims against the estate, arising from receipts and payments in relation to this land. The claim of White was for rent of a part of this lot, which he owned in common with testator, and which testator had collected. The claim of Davis was for testator's portion of taxes, which he, Davis, being also interested in the land, had paid. Both these claims were existing against the testator and his estate at and after his death. They were simply debts due from the

estate, and created no lien on the land, and no right to the rents afterwards received. It was the duty of the executor to pay them out of the general fund and assets, in the same manner as he paid other simple contract debts. He could not properly apply the rents received for occupancy, after the death of the testator, to this purpose.

The rents of real estate accruing before the death go to the executor, as part of the estate. But all rents accruing after the death are incident to the reversion, and go to the heirs, who take the land by devise or descent. If collected by the executor, he is bound to pay them to the heirs as part of the inheritance. These principles are fully stated in the case of *Stinson* v. *Stinson*, 38 Maine, 593. In the case before us, the rent received was paid to the heir to whom this land was assigned in the division.

This action is in the name of the plaintiff as an individual, and not in his capacity as executor. He claims, apparently, to recover back the amounts he paid to White and Davis, on the ground that he paid them to defendant by mistake, having the right, as against the heirs, to retain those sums for the purpose of paying them. We have seen that he had no such right.

If there is any question whether the defendant had a right to receive and retain it all, it can only arise between the heirs, and could, at most, involve the small portion of the yearly rent between May 1st and June 23d, 1856.

*Plaintiff nonsuit.*

TENNEY, C. J., RICE, APPLETON and MAY, JJ., concurred.